**NOT RECOMMENDED FOR PUBLICATION**

File Name: 06a0631n.06

Filed: August 24, 2006

**No. 05-1843**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| SHERRI YAX, BRIAN TRAYNOR, and PATRICK DZAGULONES, ) | |
| ) | |
| ) | |
|     Plaintiffs-Appellants, ) | |
| ) | |
| v. ) | ON APPEAL FROM THE UNITED |
| ) | STATES DISTRICT COURT FOR |
| ) | THE EASTERN DISTRICT OF |
| UPS a/k/a UNITED PARCEL SERVICE and ) | MICHIGAN |
| LIBERTY MUTUAL INSURANCE COMPANY, ) | |
| ) | |
|     Defendants-Appellees. ) | |

Before: SILER, McKEAGUE, and GRIFFIN, Circuit Judges.

**SILER**, Circuit Judge. Former UPS employees Sherri Yax, Brian Traynor, and Patrick Dzagulones ("Plaintiffs") filed suit against UPS and Liberty Mutual ("Defendants") claiming violations of the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"), and the Michigan Worker's Disability Compensation Act of 1969, M.C.L. § 418.101, *et seq.* ("WDCA"). Ultimately, the district court dismissed all of Plaintiffs' allegations for failure to state a claim under FED. R. CIV. P. 12(b)(6). For the following reasons, we affirm the judgment, except for the state-law claims that we remand for the entry of an order of dismissal without prejudice.

**BACKGROUND**

No. 05-1843
Yax v. UPS et al.

Plaintiffs are former employees of UPS who claimed to have been injured during the course of their employment with UPS. After the alleged injury, each Plaintiff applied for and was awarded workers' compensation benefits. Beginning in September 2002, Liberty Mutual, UPS's workers' compensation insurance provider, filed a "Notice of Dispute" in each case with the Michigan Bureau of Workers' Disability Compensation ("Bureau") contesting the award of benefits to each Plaintiff on the ground that there was no continuing disability. All Plaintiffs ceased receiving workers' compensation benefits in 2002 or 2003.

In 2003, Plaintiffs sued Defendants in the Eastern District of Michigan alleging (1) Defendants fraudulently deprived them of their workers' compensation benefits through a pattern of racketeering activity, specifically mail and wire fraud, in violation of RICO, (2) wrongfully terminated benefits, and (3) retaliated for filing workers' compensation claims in violation of M.C.L. § 418.301(11). The district court dismissed all of Plaintiffs' claims pursuant to Rule 12(b)(6), except for Plaintiffs' RICO claims against UPS. With respect to the RICO claim against UPS, the district court found that Plaintiffs had failed to state a claim in their amended complaint on that action, but it granted "Plaintiffs' Motion to Amend as to their RICO claim against Defendant UPS only" and allowed that claim to proceed. Plaintiffs filed a second amended complaint reasserting their prior RICO claims against both UPS and Liberty Mutual and also asserting for the first time an intentional infliction of emotional distress ("IIED") claim against the Defendants. The district court dismissed with prejudice Plaintiffs' entire complaint pursuant to Rule 12(b)(6). Plaintiffs appeal only the district court's dismissals of their RICO and IIED claims.

**STANDARD OF REVIEW**

- 2 -

No. 05-1843
Yax v. UPS et al.

A district court's decision on a motion to dismiss under Rule 12(b)(6) is generally reviewed *de novo* by an appellate court.  *Simon v. Pfizer Inc.*, 398 F.3d 765, 772 (6th Cir. 2005).

## ANALYSIS

### A.  RICO Claim

RICO provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).  Plaintiffs alleged that Defendants violated § 1961(c) by "fraudulently depriv[ing] them of their workers['] compensation benefits through a series of predicate acts of racketeering activity involving mail and wire fraud."

The district court dismissed Plaintiffs' RICO claim against Liberty Mutual as reverse-preempted under the McCarran-Ferguson Act.  As for the RICO claim against UPS, the district court held that: (1) Plaintiffs failed to plead any false statements or misrepresentations by UPS with particularity; and (2) Plaintiffs failed to present any evidence that they detrimentally relied upon UPS's alleged misrepresentations.

Looking first to the issue of detrimental reliance, when mail and wire fraud are the predicate acts of a RICO claim, a plaintiff "cannot maintain a civil RICO claim . . . absent evidence that the defendants made misrepresentations or omissions of material fact to [the plaintiff] and evidence that [the plaintiff] relied on those misrepresentations or omissions to its detriment."  *Cent. Distribs. of Beer, Inc. v. Conn*, 5 F.3d 181, 184 (6th Cir. 1993) (citing *Bender v. Southland Corp.*, 749 F.2d

- 3 -

1205, 1216 (6th Cir. 1984)).  Plaintiffs concede that "[t]his court has repeatedly held that a civil

RICO plaintiff who alleges defendants committed a predicate act violating 18 U.S.C. §§ 1341 or

1343 must allege a claim for common law fraud – that is, he detrimentally relied on a deception

defendants made to him."  Nevertheless, Plaintiffs make a variety of arguments for overturning this

precedent and requiring a plaintiff to show only a misrepresentation to a third party that proximately

injured the plaintiff.

Most of Plaintiffs' arguments invite this panel to revisit the reliance requirement enunciated

in *Bender* and reaffirmed repeatedly since that time.

> This, we are forbidden to do.  In the Sixth Circuit, as well as all other federal circuits,
> one panel cannot overrule a prior panel's published decision.  The prior decision
> remains controlling authority unless an inconsistent decision of the United States
> Supreme Court requires modification of the decision or this Court sitting en banc
> overrules the prior decision.

*United States v. Washington*, 127 F.3d 510, 517 (6th Cir. 1997) (citations and internal quotations

omitted).  To the extent Plaintiffs argue that the Supreme Court decisions in *Neder v. United States*,

527 U.S. 1 (1999), and *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985), affect the rule set out

in *Bender*, that argument has been explicitly rejected in an unpublished decision of this court, *see*

*Chaz Constr., LLC v. Codell*, 137 Fed. App'x. 735, 739 (6th Cir. 2005), and implicitly rejected in

a published decision, *see VanDenBroeck v. CommonPoint Mortgage Co.*, 210 F.3d 696, 701 (6th

Cir. 2000) (reaffirming the requirement that plaintiffs must show reliance after both *Sedima* and

*Neder* were decided).

Alternatively, Plaintiffs argue that, even should *Bender* remain the law of the circuit, their

complaint sufficiently pled reliance and therefore the district court's dismissal of their complaint was

No. 05-1843
Yax v. UPS et al.

in error. However, the only showing of reliance that the Plaintiffs point to in their brief is the following statement:[1]

> Defendants' fraud directly caused injury to Sherri Yax because it deprived her of workers compensation benefits and because it caused her the expense of paying attorney fees and her own mileage to and from medical care. Plaintiff relied on the communication to the extent she suffered the financial loss of having to pay attorney fees and medical mileage.

This showing is not enough because "the plaintiffs' complaint does not allege what misrepresentations (or omissions) of material fact [UPS] made to the plaintiffs that they reasonably relied upon to their detriment." *Bender*, 749 F.2d at 1216 (citation omitted). Accepting everything Plaintiffs state as true, they did not detrimentally rely upon any statements contained within the notices of dispute filed on UPS's behalf by Liberty Mutual. What Plaintiffs characterize as reliance upon the statements contained in the notices [payment of various expenses and deprivation of benefits] are, in reality, nothing more than consequences flowing from Defendants' decision to contest Plaintiffs' workers' compensation benefits in each case.

Because of Plaintiffs' failure to plead a necessary element of their RICO claim against UPS, we need not reach the district court's alternative ground of dismissal – that Plaintiffs had not pled false statements with particularity. Moreover, we likewise need not reach the McCarran-Ferguson Act issue regarding Liberty Mutual. Since Plaintiffs' RICO claim against Liberty Mutual was based upon the same factual scenario as the RICO claim against UPS, their failure to plead detrimental reliance in their claim against UPS dooms their RICO claim against Liberty Mutual as well.

---

[1]Similar statements were contained in the second amended complaint with respect to Plaintiffs Traynor and Dzagulones.

- 5 -

No. 05-1843
Yax v. UPS et al.

## B.  IIED Claim

Plaintiffs also appeal the district court's dismissal of their IIED claims against UPS. The district court dismissed these claims pursuant to FED. R. CIV. P. 12 on the ground that Plaintiffs were not entitled to leave to amend their complaint to allege IIED.  Alternatively, the district court held that Plaintiffs' IIED claims failed as a matter of law since "[n]othing described by the Plaintiffs rises to the level of sufficiently outrageous conduct."

We need not decide whether the district court abused its discretion in refusing to allow Plaintiffs leave to amend their complaint or whether the district court's conclusion that Plaintiffs' IIED claim failed as a matter of law was correct.  Instead, we need only look to the issue of supplemental jurisdiction over Plaintiffs' state law IIED claim.  A federal court that has dismissed a plaintiff's federal law claims should not ordinarily reach the plaintiff's state law claims.  *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").  Supplemental jurisdiction should be exercised only in cases where the "interest of judicial economy and the avoidance of multiplicity of litigation" outweigh our concern over "needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1983) (citation omitted).  We review a district court's decision to exercise supplemental jurisdiction for abuse of discretion.  *Id.*

Assuming that the district court's alternative holding on the IIED claims constituted an exercise of supplemental jurisdiction, the district court should have dismissed the IIED claims *without* prejudice.  Plaintiffs' IIED claims have no bearing on their RICO claims.  Moreover, the

district court pointed to no overwhelming issues of judicial economy justifying the exercise of supplemental jurisdiction. On the whole, this appears to be the ordinary case in which a federal court would be "needlessly deciding state law issues." *Id.* We will remand the IIED claims for dismissal without prejudice.

The judgment is AFFIRMED as to all claims, except the IIED claims. We REVERSE the dismissal with prejudice of the IIED claims and REMAND for the district court to dismiss the IIED claims without prejudice.